**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-00419 MMM | Date | April 27, 2009 |
|---|---|---|---|

| Title | *In re Morry Waksberg, M.D.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

Proceedings:          **Order Dismissing Bankruptcy Appeal**

On December 15, 2008, *pro se* appellant Morry Waksberg filed an appeal of the bankruptcy court's order granting trustee Alfred H. Siegel's motion to approve a compromise under Rule 9019 with creditors Rastegar & Matern, Farzad Rastegar, Matthew J. Mater, and Paul J. Weiner (BK 06-16096).[1]  The appeal was assigned to this court on January 20, 2009.  The appeal is one of a dozen filed by Waksberg over the past several months.  The actions arise from two related bankruptcy cases, one involving Morry Waksberg as an individual debtor,[2] and the other involving Morry Waksberg, M.D., Inc., a corporate debtor.[3]

In December 2008, the court issued an order to show cause in one of the related appeals, CV 08-07393 MMM.  The order detailed the mandatory procedures with which Waksberg was required to comply in order to proceed with an appeal.[4]  Although Waksberg filed multiple responses signaling his awareness of the procedural defects detailed by the court, he remains noncompliant with the

---

[1]BK 06-16096 BP, Docket No. 412 (Dec. 4, 2008).

[2]BK 06-16096 BP.

[3]BK 06-16101 BP.  Morry Waksberg, M.D., Inc. is a suspended California corporation.

[4]See Order to Show Cause re Dismissal re Lack of Prosecution, Case No. 08-07393 Docket No. 8 (Dec. 9, 2008).

requirements of Rule 8006 of the Federal Rules of Bankruptcy Procedure.[5]

Rule 8006 provides, in relevant part, that "[w]ithin 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Noncompliance with this rule "is ground[s] . . . for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." FED.R.BANK.PROC. 8001.

Failure to comply with bankruptcy procedural rules over the course of months is proper cause for dismissal. See *Trigny Corp. v. Groshong (In re Marsh)*, 19 Fed. Appx. 727, 729 (9th. Cir. Oct. 5, 2001) (Unpub. Disp.) (holding that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's rules" and warranted dismissal); *Tong v. Luo (In re Luo)*, No. 96-56125, 1997 WL 342231, *1 (9th Cir. June 19, 1997) (Unpub. Disp.) (holding that the district court properly dismissed a bankruptcy appeal *sua sponte* after the appellant "waited forty-nine days to designate the record on appeal, to file a statement of issues, and to file a notice of transcripts").

This case has been pending for **133** days. During the week of April 20, 2009, the bankruptcy clerk notified the court that a notice of deficiency had been issued because, to date, Waksberg has not designated the record on appeal. In addition to constituting an "inexcusably flagrant violation of the court's rules," the delay prejudices the creditors who are the appellees in this action.

An appeal may be dismissed without issuance of a prior order, so long as the court has considered the alternatives. *In re Fitzsimmons*, 920 F.2d 1468, 1472 (9th Cir. 1990) ("We disagree with Trabefin's assertion that dismissal can be granted only after a district court's prior order has been disobeyed. No actual disobedience of an order is necessary; it is enough if the district court considers alternative sanctions in lieu of dismissal. . . . Moreover, in egregious circumstances such as these, not even consideration of alternative sanctions is necessary before dismissal"). Waksberg's failure to comply with procedural requirements in this case is part of a pattern that spans a large number of actions presently pending before the court. During the past year, he has continually filed new appeals and continually failed to satisfy procedural requirements. As discussed, the court has already issued an order in a related appeal, detailing the bankruptcy rules' procedural requirements. Despite this, Waksberg has not rectified the deficiencies in any of his pending appeals.[6] Given this fact, the court concludes that issuing additional orders to show cause, and providing additional time to Waksberg to comply with procedural requirements, would only serve to cause further delay, and would be futile.

---

[5] According to the bankruptcy clerk, Waksberg has not filed a Statement of the Issues with the bankruptcy court for CV 08-07393 to date.

[6] On April 24, 2009, the bankruptcy clerk confirmed that all of Waksberg's twelve pending bankruptcy appeals are procedurally deficient in one or more respects.

For these reasons, the appeal is dismissed.